IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL BERGIN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION<br>:    NO. 10-2289 |
| TEAMSTERS LOCAL UNION NO. 77,<br>    Defendant. | :<br>:<br>: |

## MEMORANDUM OPINION AND ORDER

Rufe, J.                                                                                                                                                             February 3, 2011

Plaintiff Carol Bergin filed this action against Teamsters Local Union No. 77 ("the Union") for failure to provide due process and for breach of the Union's duty of fair representation during its representation of her late husband, John Bergin, at an arbitration hearing concerning a wrongful discharge grievance Mr. Bergin had filed against his employer, the Pennsylvania Turnpike Commission, prior to his death. The Complaint alleges that Defendant violated Plaintiff's constitutional right to due process when it excluded her from the arbitration hearing, and also alleges that Defendant breached its duty of fair representation in excluding her from that hearing.

Before the Court is Defendant's Motion to Dismiss Plaintiff's two count complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In its motion to dismiss Defendant argues that Plaintiff alleged no facts suggesting that the union acted under color of state law; therefore, as it is a private entity, her claim for due process violations must be dismissed. Defendant argues that Plaintiff's duty of fair representation claim should be dismissed because any duty of fair representation is owed only to union members, and not their spouses or survivors; therefore

1

Plaintiff lacks standing to pursue the breach of duty of fair representation claim. For the reasons set forth below, the Court will dismiss Plaintiff's due process claim and remand her duty of fair representation claim to state court for resolution.

**Factual and Procedural Background**

Plaintiff's late husband, Thomas Bergin, was an employee of the Pennsylvania Turnpike Commission and a member of Teamsters Local Union No. 77 ("the Union"). In the spring of 2005, Mr. Bergin was arrested and subsequently incarcerated for several days. He suffered a broken wrist and dislocated shoulder during his arrest. The complaint alleges that "someone" telephoned his supervisor daily to explain his absence, but he was terminated on June 3, 2005 after missing three or more consecutive days of work without leave due to this arrest and incarceration.

After his termination, Mr. Bergin filed a grievance with the Pennsylvania Turnpike Commission, alleging that he was terminated due to his preexisting work-related medical condition and his political views, and not due to his arrest-related absences. This grievance was denied on July 15, 2005. Mr. Bergin then requested an arbitration hearing. However, Mr. Bergin died on October 16, 2005 before that hearing could be held. The arbitration hearing did occur, but his wife, Plaintiff in this case, was not notified of the hearing date or place, despite her many requests to attend (all apparently directed at the Union, not the employer). Plaintiff stood to benefit greatly if Mr. Bergin's termination was overturned, because she would be entitled to retirement, life insurance, and other benefits. Initially the Union told her she could attend the hearing, but later she was told she was not welcome. At the arbitration hearing, Mr. Bergin's grievance was denied.

Ms. Bergin filed a two count complaint in state court, alleging breach of the Union's duty of fair representation and denial of constitutional due process. The case was removed to federal court based on its original jurisdiction over the federal due process claim.[1] Defendant then filed a motion to dismiss both counts.

**Standard of Review**

Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[2] In determining whether a motion to dismiss is appropriate the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[3] Courts are not bound to accept as true legal conclusions couched as factual allegations.[4] Something more than a mere *possibility* of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."[5] The Complaint must set forth direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.[6] The court has no duty to "conjure

---

[1] The parties are not diverse.

[2] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[3] ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[4] Twombly, 550 U.S. at 555, 564.

[5] Id. at 570.

[6] Id. at 562.

up unpleaded facts that might turn a frivolous action... into a substantial one."[7]

**Plaintiff's Due Process Claim**

Conduct by a private actor generally does not give rise to a claim for violations of a plaintiff's federal constitutional right to due process.[8] Ms. Bergin admits that the Union is not a state actor, and further admits that she has not, and cannot now plead facts necessary to raise a plausible claim that the Union was acting under color of statelaw.[9] However, she seeks leave to amend her Complaint *following discovery* should evidence that the Union acted under color of state law arise through discovery. Defendant correctly argues that such "fishing expeditions" to seek out the facts needed to bring a legally sufficient complaint are barred by the pleading clarifications in Iqbal and Twombly. Accordingly, because Plaintiff's pleading is insufficient under Iqbal, and she admits that an amendment prior to discovery would be futile, the Court must dismiss this claim.

**Duty of Fair Representation Claim**

This leaves only the duty of fair representation claim. In this case, because Mr. Bergin was an employee of the Pennsylvania Turnpike Commission, a political subdivision of the Commonwealth of Pennsylvania,[10] neither the Union nor Mr. Bergin falls within the ambit of the

---

[7] Id at 562 (citing McGregor v. Industrial Excess Landfill, Inc., 856 F.2d. 39, 42-43 (6th Cir. 1988).

[8] Ameri. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) (unions representing public sector employees are not generally agents of the state).

[9] To plead action under color of state law, Plaintiff would have to set forth facts which, if proven, would show that the Union acted together with or obtained significant aid from state officials, or otherwise show that the Union's conduct is chargeable to the state. McCain v. Episcopal Hosp., 350 F. App'x. 602, 605 (3d Cir. 2009) (citing Lugar v. Edmondson Oil Co. Inc., 457 U.S. 922, 923 (1982)).

[10] Curry v. Pennsylvania Turnpike Comm'n., 843 F. Supp. 988, 991 n.5 (E.D. Pa. 1994) ("The Pennsylvania Turnpike Commission, created by 36 Pa. Cons. Stat. Ann. § 652 et seq., is unquestionably an instrumentality of the Commonwealth. It is therefore a "public employer" within the meaning of PERA.").

4

federal Labor Management Relations Act.[11]  Instead, any claim for breach of the Union's duty of fair representation must be resolved under state law.  This Court does not have original subject matter jurisdiction over the state law claim for breach of duty of fair representation, and, pursuant to 28 U.S.C. § 1367(c)(3), will decline to exercise supplemental jurisdiction over it.[12]  The Court remands Plaintiff's remaining claim to the Court of Common Pleas for Delaware County for resolution without reaching the merits of Defendant's motion to dismiss the breach of duty of fair representation claim.

---

[11] 29 U.S.C. § 152; Crilly v. SE Pennsylvania Transp. Auth., 529 F.2d 1355, 1357 (3d Cir. 1976); Williams v. United Transp. Union, No. 96-1422, 1996 WL 355339 (E.D. Pa. June 25, 1996).

[12] The Third Circuit directs that the Court should decline to exercise jurisdiction over pendent state claims where federal claims have been dismissed, unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for retaining those claims.  Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).  This case is in its earliest stages, as no answer has been filed and no discovery has occurred.  There has been no argument that state court is an unfair or inconvenient forum for the parties.  Finally, there are unsettled issues of state law upon which this case will turn, such as the standing of Plaintiff to bring this claim as the surviving spouse of a union member.